UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARY SHAUGHNESSY,

                        **Plaintiff,**

                v.                                    5:06-CV-103
                                                        (FJS/GHL)

RICHARD GARRETT; LISA REISS,
NANCY LORRAINE HOFFMAN, individually and
as a Former New York State Senator;
D.V.M. CLARE ALLEN; JOHN DOE;
JANE DOE; NANCY CERIO; SUSAN
SOARES; T.F. HENNESSEY, New York State
Police Trooper; and CHRISTOPHER
ALTIMONDA, New York State Police Sgt.,

                        **Defendants.**

---

**APPEARANCES**

**MARY SHAUGHNESSY**
Tully, New York 13159
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        The Clerk of the Court has sent Plaintiff Mary Shaughnessy's amended complaint,[1] her application to proceed *in forma pauperis*, and her request for appointment of counsel to the Court for its review.

---

[1] Plaintiff filed her amended complaint in accordance with this Court's May 31, 2006 Memorandum-Decision and Order. *See* Dkt. No. 3.

## II. DISCUSSION

A.   **Amended Complaint**

In light of Plaintiff's *pro se* status, the Court has construed her amended complaint liberally to determine whether her claims provide any basis for this Court to exercise jurisdiction over this matter. *See Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). As the Court discussed in its May 31, 2006 Memorandum-Decision and Order, a complaint seeking money damages to redress the violation of a plaintiff's federal statutory or constitutional rights must be timely filed within the applicable three-year statute of limitations period and must set forth facts demonstrating that the named Defendants acted under the color of state law and, therefore, are subject to liability under 42 U.S.C. § 1983. *See* Dkt. No. 3 at 3-5. The Court also advised Plaintiff that she could not sustain a claim based upon an alleged conspiracy among the named Defendants to violate her protected rights in the absence of a showing "that an agreement existed among the defendants to act in concert to inflict constitutional injury upon the plaintiff and that the defendants committed an overt act in furtherance of that conspiracy which caused the injury." *See id.* at 5-6 (citations omitted).

Plaintiff's amended complaint sets forth a more detailed factual accounting of the events that give rise to her claims in this action than her original complaint did. *See* Dkt. No. 5.[2] According to the amended complaint, on January 25, 2003, New York State Police Trooper T.F. Hennessey obtained a warrant from Fabius Town Court authorizing the search of Plaintiff's property and the seizure of any horses found there, along with evidence of improper care of the

---

[2] The Court notes, however, that several pages are missing from the amended complaint. Moreover, because the last page of this pleading is among the missing pages, the amended complaint does not bear Plaintiff's signature.

horses. *See id.* at 3-4 & Exhibit "C."  Seventeen horses were seized and, on January 28, 2003, Plaintiff was charged with thirty-four counts of animal cruelty.  Plaintiff, thereafter, consented to the sale of the horses and accepted an "Adjournment in Contemplation of Dismissal" ("ACD") of the animal cruelty charges.[3]

Plaintiff includes four additional Defendants in her amended complaint.  In addition to Trooper Hennessey, she names Trooper Christopher Altimonda, who, she claims, executed the warrant along with Trooper Hennessey, *see* Dkt. No. 5 at 3-4;[4] Susan Soares, who provided a written complaint concerning the condition of the horses; and Nancy Cerio, whom Plaintiff identifies as the manager of the equine program at Cazenovia College, *see id.* at 12.

To support her unreasonable search-and-seizure claim, Plaintiff asserts that there were no "just and reasonable grounds" to support the search warrant.  *See* Dkt. No. 5 at 32.  Specifically, Plaintiff alleges that Defendant Reiss' and Defendant Soares' supporting statements were false and claims that Trooper Hennessey was "not justified" in relying on these statements to obtain the warrant.  *See id.* at 32.

In addition to challenging the search and seizure, Plaintiff asserts claims of false arrest and malicious prosecution, as well as state-law claims of intentional infliction of emotional distress, trespass, libel and property damage.  *See id.* at 46-47.  Finally, Plaintiff contends that Defendants engaged in a conspiracy to cause her to lose her horses, her livelihood and her

---

[3] Based upon these allegations, it appears that Plaintiff filed her complaint within the three-year limitations period applicable to § 1983 claims in New York.  Plaintiff signed her original complaint on January 25, 2006.  *See* Dkt. No. 1 at 4.

[4] Plaintiff notes in her amended complaint that she identified Trooper Hennessey and Trooper Altimonda as "John Doe" defendants in her original complaint.  *See* Dkt. No. 5 at 3.

reputation. *See id.* at 4, 42-45.

After carefully reviewing the amended complaint, the Court finds that the allegations set forth therein are not sufficient to state a claim against Defendants upon which this Court may grant relief pursuant to 42 U.S.C. § 1983.

With respect to Plaintiff's claim of malicious prosecution, the Court notes that an essential element of such a claim is that the criminal proceeding terminated in the plaintiff's favor. *See Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (noting that "under New York law, . . . the favorable termination of judicial proceedings is an element of a claim for malicious prosecution . . . ." (citations omitted)).[5] It is well-settled in the Second Circuit that "under New York law, an 'adjournment in contemplation of dismissal,' . . . is not a favorable termination because it leaves open the question of the accused's guilt . . . ." *Fulton v. Robinson*, 289 F.3d 188, 196 (2d Cir. 2002) (citations omitted). Accordingly, because an ACD disposition resolved the charges against Plaintiff, she cannot satisfy the requirement of her malicious prosecution claim that the criminal proceedings terminated in her favor.

Plaintiff's claims that her arrest and the search and seizure of her horses were unconstitutional because probable cause did not exist for the issuance of the warrant also fail.[6] In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 action seeking

---

[5] "A claim of malicious prosecution brought pursuant to 42 U.S.C. § 1983 shares the same elements as a malicious prosecution claim under New York State law." *Hines v. Port Auth. of N.Y. & N.J.*, No. 94 CIV. 5109, 2000 WL 420555, *5 (S.D.N.Y. Apr. 18, 2000). Thus, although the amended complaint identifies malicious prosecution as a state law claim, the Court has considered whether the allegations are sufficient to establish a § 1983 claim.

[6] Although she acknowledges that she was not entitled to prior notice of the search, Plaintiff, nevertheless, asserts that the lack of notice violated her due process rights. *See* Dkt. No. 5 at 45. The Court dismisses this claim because it lacks merit.

money damages is not cognizable if a decision in favor of the Plaintiff would necessarily invalidate a criminal conviction unless that conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Id.* at 486-87. As one district court in this Circuit recently noted, "[t]he dispositive factor in the *Heck* inquiry is whether judgment in favor of the [plaintiff] would 'necessarily imply' the invalidity of the conviction or sentence." *Gastelu v. Breslin*, No. 3-CV-1339, 2005 WL 2271933, *2 (E.D.N.Y. Sept. 12, 2005) (citing [*Heck*, 512 U.S.] at 487). In this case, because a judgment in Plaintiff's favor that her arrest and the search and seizure of her horses were unlawful would "necessarily imply" the invalidity of the ACD entered on the charges against her, the *Heck* doctrine bars these claims.

Finally, Plaintiff purports to set forth a cause of action for conspiracy to violate her constitutional rights. *See* Dkt. No. 5 at 42-45. Plaintiff claims that Defendants Reiss, Soares, Allen, Cerio, Hoffman and Garrett conspired to cause her arrest and the seizure of her horses for personal reasons unrelated to the health and welfare of the animals.[7] However, Plaintiff's amended complaint does not set forth any facts upon which this Court could rely to conclude that these Defendants entered into an agreement with Troopers Hennessey and Altimonda pursuant to which they acted in concert to violate her federal statutory or constitutional rights.

In sum, for all of the above-stated reasons, Plaintiff's amended complaint fails to state a

---

[7] Defendants Reiss, Soares, Allen and Cerio do not appear to be "state actors" for the purposes of § 1983. Although Plaintiff identifies Defendant Garrett as a Fabius Town Court Justice, her claims against him do not arise out of actions that he took in that capacity. *See* Dkt. No. 5 at 2. Although Plaintiff claims that Defendant Hoffman, then a New York State Senator, "orchestrated" the seizure, *see id.* at 3, the amended complaint does not contain any factual allegations to support this claim.

claim upon which this Court may grant relief pursuant to § 1983.

B.  **Plaintiff's requests to proceed *in forma pauperis and for appointment of counsel***

In light of the Court's dismissal of this action, the Court denies Plaintiff's request for leave to proceed *in forma pauperis* and for appointment of counsel as moot.

### III. CONCLUSION

After reviewing the amended complaint and the applicable law and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED** for failure to state a claim upon which relief may be granted; and the Court further

**ORDERS** that, in light of the dismissal of all of Plaintiff's federal claims, Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3); and the Court further

**ORDERS** that Plaintiff's requests for leave to proceed *in forma pauperis* and for the appointment of counsel are **DENIED AS MOOT**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Plaintiff; and the Court further

**ORDERS** that the Clerk of the Court enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: October 30, 2006
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge