UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARY SHAUGHNESSY,

                        **Plaintiff,**

                   v.                                   5:06-CV-103
                                                       (FJS/GHL)

RICHARD GARRETT; LISA REISS,
NANCY LORRAINE HOFFMAN, individually and
as a Former New York State Senator;
D.V.M. CLARE ALLEN; JOHN DOE;
JANE DOE; NANCY CERIO; SUSAN
SOARES; T.F. HENNESSEY, New York State
Police Trooper; and CHRISTOPHER
ALTIMONDA, New York State Police Sgt.,

                        **Defendants.**
_____

**APPEARANCES**

**MARY SHAUGHNESSY**
Tully, New York 13159
Plaintiff *pro se*

**SCULLIN, Senior Judge**

**ORDER**

      In a Memorandum-Decision and Order dated October 30, 2006, this Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim and dismissed, without prejudice, Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c)(3). *See* Dkt. No. 6 at 6. On the same date, the Court entered judgment in favor of Defendants and closed this case. *See* Dkt. No. 7. On November 15, 2006, Plaintiff filed a motion for reconsideration on a number of grounds. *See* Dkt. Nos. 8-13,

      Although Plaintiff cited Rule 59 of the Federal Rules of Civil Procedure as the basis for

her motion for reconsideration, the motion is, in fact, one pursuant to Rule 60 of the Federal Rules of Civil Procedure, since, rather than seeking amendment or alteration of the judgment, Plaintiff seeks to have the Court vacate its judgment and reopen her case. *Compare* Fed. R. Civ. P. 59 *with* Fed. R. Civ. P. 60.

In this district, there are only three circumstances under which a court will grant a motion for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or prevent manifest injustice." *Taormina v. Int'l Bus. Machs. Corp.*, No. 1:04-CV-1508, 2006 WL 3717338, *1 (N.D.N.Y. Dec. 14, 2006) (citation omitted). Courts strictly apply this standard and generally deny motions for reconsideration "unless the moving party present 'controlling decisions or data that the court overlooked . . . .'" *Id.* (quotation omitted).

Furthermore, a motion for reconsideration is not a substitute for an appeal. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Nor is reconsideration a vehicle to "'advance new facts, issues or arguments not previously presented to the court.'" *Polanco v. United States*, Nos. 99Civ.5739, 94CR.453, 2000 WL 1346726, *1 (S.D.N.Y. Sept. 19, 2000) (quotation omitted). "These limitations are designed to ensure finality[.]" *Id.*

The Court has carefully reviewed Plaintiff's submissions and finds that she has not demonstrated the existence of any error of law, intervening change in controlling law, or any new

evidence that would warrant the Court reconsidering its previous decision.  In her submissions, which this Court has liberally construed, Plaintiff had done nothing more than state the reasons that she disagrees with the Court's decision.  Thus, in effect, Plaintiff is attempting to get a "'second bite a the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1988).  This is not an appropriate grounds on which to base a motion for reconsideration.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration is **DENIED.**

**IT IS SO ORDERED**.

Dated: March 31, 2011
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge